UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JERRY W. BARRETT                                        PLAINTIFF

VS.                          CIVIL ACTION NO. 3:11CV185TSL-JMR

MISSISSIPPI DEPARTMENT OF
PUBLIC SAFETY                                          DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of defendant
Mississippi Department of Public Safety for partial dismissal.
Plaintiff Jerry W. Barrett has responded to the motion and the
court, having considered the memoranda of authorities submitted by
the parties, concludes the motion is well taken and should be
granted.

Plaintiff Jerry Barrett was employed at the Mississippi Law
Enforcement Officers Training Academy, a division of the
Mississippi Department of Public Safety (MDPS), from 1995 until
his termination in February 2011.  He filed the present action in
the Circuit Court of Rankin County, Mississippi on February 15,
2011 asserting claims for race discrimination pursuant to 42
U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000e *et seq.*; for age
discrimination under the Age Discrimination in Employment Act
(ADEA), 29 U.S.C. § 631; for retaliation in violation of Title VII
and the ADEA; and for wrongful termination and intentional
infliction of emotional distress under state law.  Following

removal of the case from state court on the basis of federal question jurisdiction, 29 U.S.C. § 1331, Barrett filed an amended complaint on July 25, 2012 adding claims for violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*, and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* By the present motion, MDPS seeks dismissal of Barrett's claims under § 1981 and the ADEA, and his claim for punitive damages.

Section 1981:

Section 1981 provides that all United States citizens shall have the same right "to make and enforce contracts ... as is enjoyed by white citizens." § 1981(a).  The statute proscribes intentional racially discriminatory actions in the making, performance, modification and termination of contracts, as well as the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship. § 1981(b).  See Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743, 751 (5th Cir. 2001).  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

2

Plaintiff has not purported to assert a claim under § 1983 but rather sues directly under § 1898.  In Jett v. Dallas Independent School District, the Supreme Court held that Congress intended § 1983 to be the sole remedy for race discrimination by persons acting under color of state law:  "[T]he express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor."  491 U.S. 701, 735, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989); id. at 731, 109 S. Ct. 2702 ("When suit is brought against a state actor, § 1983 is the exclusive federal remedy for violation of the rights guaranteed in § 1981.").  Thus, "plaintiffs must assert a cause of action against state actors under § 1983 to remedy violations of civil rights under § 1981." Oden v. Oktibbeha Cnty., 246 F.3d 458, 462–63 (5th Cir. 2001) (citing Jett).[1]

---

[1]     After the Supreme Court's decision in Jett v. Dallas Independent School District, 491 U.S. 701, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989), Congress amended § 1981 by passing the Civil Rights Act of 1991, which added the following:
    (c) Protection against impairment
    The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.
42 U.S.C. § 1981(c).  The Fifth Circuit concluded in Oden v. Oktibbeha County that the 1991 amendment does not create a separate cause of action against government entities and thereby abrogate the Court's holding in Jett.  246 F.3d 458, 464 (5th Cir. 2001).  The court reasoned that "[b]ecause Congress neither

3

As noted in <u>Oden</u>, the Supreme Court reasoned in <u>Jett</u> that § 1981 implicitly created an independent cause of action against private actors because no other statute created such a remedy; since § 1983 provided a remedy against persons acting under color of state law, the Court declined to imply a cause of action under § 1981 independent of § 1983.  <u>Oden</u>, 246 F.3d at 464.  Barrett argues that since a state is not a "person" subject to suit under § 1983, <u>see</u> <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), then the Court's holding in <u>Jett</u> (which involved a local governmental entity that was a "person" that could be sued under § 1983), does not apply here. In other words, he contends that <u>Jett</u> applies only to "state actors" which are amenable to suit under § 1983.  The court finds no merit in his position.

Under <u>Jett</u> and <u>Oden</u>, a claim for race discrimination "under color of law" by any state governmental entity or official acting in an official capacity may not be brought under § 1981 but rather may be brought, *if at all*, under § 1983.  Indeed, courts, including the Fifth Circuit and this court, have regularly applied

---

expressed its intent to overrule <u>Jett</u>, nor explicitly created a remedy against state actors in addition to § 1983, we are not willing to deviate from the Supreme Court's analysis of § 1981 in <u>Jett</u>."  <u>Id</u>.  Most circuits that have considered the issue have reached the same conclusion.  <u>See</u> <u>McCormick v. Miami Univ.</u>, 693 F.3d 654, 660 (6th Cir. 2012) (observing that the Third, Fourth, Fifth, Sixth and Eleventh Circuits have continued to hold that <u>Jett</u> remains binding authority following 1991 amendments to § 1981).

<u>Jett</u>'s holding to preclude § 1981 claims against a state and its agencies.  <u>See</u>, <u>e.g.</u>, <u>King v. Louisiana</u>, 294 Fed. Appx. 77, 84 n.9 (5th Cir. 2008) (holding as to claim against state of Louisiana that "section 1981 claims against ... state actors are properly considered under 42 U.S.C. § 1983, because section 1981 does not provide a separate cause of action against governmental entities"); <u>Delaney v. Mississippi Dept. of Public Safety</u>, Civil Action No. 3:12CV229TSL-MTP, 2013 WL 286365, 3 (S.D. Miss. Jan. 24, 2013) (holding that plaintiff had no § 1981 claim for employment discrimination and retaliation since such claim may only be brought under § 1983); <u>Ford v. Southeastern Pennsylvania Transp. Auth.</u>, 374 Fed. Appx. 325, 326, 2010 WL 1141380, 1 (3d Cir. 2010) (finding that plaintiff could not state claim of relief under § 1981 against state agency since "exclusive remedy for relief from a state agency for civil rights violations, including race discrimination, is § 1983"); <u>Grinter v. Knight</u>, 532 F.3d 567, 577 (6th Cir. 2008) (holding that "§ 1983 provides an exclusive remedy for violations against state actors sued in their official capacities.  An official capacity lawsuit against ... a state actor[ ] for constitutional violations, such as race discrimination, cannot be brought under § 1981"); <u>Pittman v. Oregon</u>, 509 F.3d 1065, 1068, 1074 (9th Cir. 2007) (explaining that <u>Jett</u> held "that the prohibition on discrimination by a state or its officials contained in § 1981 can be enforced against state

5

actors only by means of § 1983" and holding that "§ 1981 does not contain a cause of action against states");[2] Hervey v. Mississippi Dept. of Educ., Civil Action No. 3:08cv180-DPJ-JCS, 2010 WL 88901, 7 (S.D. Miss. Jan. 26, 2010) (dismissing § 1981 claim against Mississippi Department of Education, an arm of the state, because "[p]laintiff may not assert a § 1981 claim against a public employer"); Myers v. Mississippi Office of Capital Post-Conviction Counsel, 720 F. Supp.2d 773, 780 (S.D. Miss. 2010) (finding merit to argument that plaintiff could not pursue claim under § 1981 against defendant state agency "because [§ 1981] creates no right of action against state actors separate from § 1983"); Courtney v. North Carolina Dept. of Transp., No. 1:09CV680, 2010 WL 4923344, 5 (M.D.N.C. Nov. 29, 2010) (holding that "Section 1981 does not provide a cause of action, independent of Section 1983, against a

---

[2]     The Ninth Circuit appears to be the only circuit that has held that the 1991 amendments to § 1981 created a new private cause of action against state actors, thereby overruling Jett. See Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1205 (9th Cir. 1996) ("We hold that the Civil Rights Act of 1991 creates an implied cause of action against state actors under 42 U.S.C. § 1981, and thus statutorily overrules Jett's holding that 42 U.S.C. § 1983 provides the exclusive federal remedy against municipalities for violation of the civil rights guaranteed by 42 U.S.C. § 1981."). Notably, however, the Ninth Circuit in Pittman v. Oregon, 509 F.3d 1065 (9th Cir. 2007), distinguished municipalities from states (including arms of the state and state officials in their official capacities), and concluded that the court's holding in Federation of African American Contractors that the amended § 1981 encompasses a private right of action against *municipalities* does not apply to states, as to which § 1983 remains the exclusive remedy for race discrimination in violation of § 1981.

state agency"); O'Reilly v. Louisiana Dept. of Educ., Civil Action No. 11-1454, 2013 WL 3270443, 8 (E.D. La. June 26, 2013) (holding that plaintiff's § 1981 claim against defendant state agencies "fails because 'plaintiffs must assert a cause of action against state actors under § 1983 to remedy violations of civil rights under § 1981'"); Encalarade v. New Orleans Center for Creative Arts/Riverfront, Civil Action No. 09-4129, 2010 WL 2854275, 1 (E.D. La. July 19, 2010) (holding that since "§ 1981 does not provide a separate cause of action against state actors, and ... a plaintiff 'must assert a cause of action against state actors under § 1983 to remedy violations of civil rights under § 1981[,]' then "if NOCCA is an arm of the State of Louisiana," plaintiff's § 1981 claim against NOCCA fails; and holding further that since NOCCA was an arm of the state, it was not a "person" under § 1983 so that the plaintiff's federal claims must be dismissed). Therefore, plaintiff's putative claim under § 1981 will be dismissed.

ADEA

MDPS contends it has sovereign immunity from liability as to plaintiff's claims based on the ADEA so that these claims are due to be dismissed. In raising its immunity defense as a basis for dismissal, MDPS recognizes that its removal of the case from state court waived its Eleventh Amendment immunity from suit in federal court. However, it maintains that its removal did not waive its

immunity from liability and that the state of Mississippi has not otherwise waived its immunity from liability as to claims under the ADEA.

In Meyers ex rel. Benzing v. Texas, the Fifth Circuit held that under Supreme Court cases, "state sovereign immunity consists of two separate and different kinds of immunity, immunity from suit and immunity from liability." 410 F.3d 236, 254-55 (5th Cir. 2005). The court wrote:

> [T]he Court's cases accommodate the view that the Constitution guarantees a state's prerogative, by its own law, to treat its immunity from liability as separate from its immunity from suit for purposes of waiver or relinquishment. For these reasons, we conclude that the Constitution permits and protects a state's right to relinquish its immunity from suit while retaining its immunity from liability, or vice versa, but that it does not require a state to do so.

Id. at 255. The court concluded that when a state removes a case to federal court, it voluntarily invokes the jurisdiction of the federal courts and waives its Eleventh Amendment immunity from suit in federal court. Id. (citing Lapides v. Bd. of Regents, 535 U.S. 613, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002)). However, whether it retains its separate immunity from liability is a separate issue, determined according to the state's law. Id. On the petition for rehearing in Myers, the Fifth Circuit summarized its ruling as follows:

> [W]hen a State removes to federal court a private state court suit based on a federal-law claim, it invokes federal jurisdiction and thus waives its unqualified

right to object peremptorily to the federal district
court's jurisdiction on the ground of state sovereign
immunity.  However, that waiver does not affect or limit
the State's ability to assert whatever rights,
immunities or defenses are provided for by its own
sovereign immunity law to defeat the claims against the
State finally and on their merits in the federal courts.
In sum, [the state] may assert its state sovereign
immunity as defined by its own law as a defense against
the plaintiffs' claims in the federal courts, but it may
not use it to defeat federal jurisdiction or as a return
ticket back to the state court system.

Meyers ex rel. Benzing v. Texas, 454 F.3d 503, 504 (5th Cir.

2006).  These principles have been applied in numerous cases.

See, e.g., Dansby-Giles v. Jackson State Univ., Civil Action Nos.

3:07-CV-452 HTW-LRA, 3:07-CV-597 HTW-LRA, 2010 WL 780531, 4 (S.D.

Miss. Feb. 28, 2010) (finding that claims against state university

under Americans with Disabilities Act were barred by the state's

Eleventh Amendment immunity notwithstanding removal, since while

its removal voluntarily invoked the jurisdiction of the federal

courts and waived its immunity from suit in federal court,

Mississippi had put forth no unequivocal waiver of its immunity

from liability with regards to claims under the ADA); see also

Delaney, 2013 WL 286365, at 3 (concluding that while removal

resulted in waiver of Eleventh Amendment immunity from suit in

federal court, plaintiff's federal claims were due to be dismissed

based on state's sovereign immunity from liability since

"Mississippi has not waived its immunity from liability as to

claims under §§ 1981, 1983, 1985 and 1986"); Stroud v. McIntosh, –

9

F.3d –, 2013 WL 3790961, at 7 (11th Cir. July 23, 2013) (concluding that state defendant's removal to federal court waived its immunity-based objection to federal forum but that defendant retained its immunity from liability for violation of ADEA); Lombardo v. Pennsylvania, Dept. of Public Welfare, 540 F.3d 190, 198 (3d Cir. 2008) (holding that state's removal of ADEA suit to federal court waived Eleventh Amendment immunity from suit in federal forum but state retained its sovereign immunity as to liability); Hester v. Indiana State Dept. of Health, No. 1:10-cv-1570-JMS-DML, 2012 WL 3779218, 5 (S.D. Ind. Aug. 30, 2012) (finding that defendant waived Eleventh Amendment immunity from suit by removal but did not waive its immunity from liability under the ADEA); Clemmer v. State of Florida, No. 405CV349RHWCS, 2005 WL 2656608 (N.D. Fla. Oct. 17, 2005) (stating that state's removal of ADEA claim "waives any objection to litigation in federal rather than state court but does not waive immunity that would foreclose a claim in any court, state or federal.... [C]hoosing federal rather than state court [by removing] says nothing about a state's willingness to have the action go forward at all.  [The state] thus has not waived its immunity from plaintiff's ADEA claim"); Ramos v. Berkeley County, C/A No. 2:11-3379-SB-BM, 2012 WL 5292899, 3 (D.S.C. Aug. 7, 2012) (since state "has not waived its immunity from suit in state court for ADA and/or ADEA claims, the Defendant's voluntary removal of this

case to Federal Court has not ... effected a waiver of the State's immunity from suit for these claims").

The question for resolution is whether Mississippi has retained its sovereign immunity from liability as to claims brought under the ADEA.  The United States Supreme Court held in Kimel v. Florida Board of Regents, that while Congress intended for the ADEA to apply to states and their agencies, Congress did not validly abrogate the states' sovereign immunity with respect to the ADEA because the abrogation exceeded Congress' authority under the Fourteenth Amendment.  528 U.S. 62, 82–83, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000).[3]

---

[3]    The court held in Smith v. Alcorn State University that there has been neither Congressional abrogation of states' sovereign immunity in enacting the ADEA nor an explicit waiver of immunity by Mississippi as to the ADEA.  Civil Action No. 5:10-cv-198-DCB-JMR, 2011 WL 2516672, 2 (S.D. Miss. June 23, 2011) (citing McGarry v. Univ. of Miss. Med. Ctr., 355 Fed. Appx. 853, 856, 2009 WL 4823013, 2 (5th Cir. 2009) (finding plaintiff's age discrimination claim barred)).  However, the court's holding in Smith was grounded on the fact that when it enacted the Mississippi Tort Claims Act and created a limited waiver of sovereign immunity for certain tort claims against governmental entities and employees, "the state of Mississippi expressly preserved its sovereign immunity to suit in federal court," i.e., its Eleventh Amendment immunity.  Id. (citing McGarry v. Univ. of Miss. Med. Ctr., 355 Fed. Appx. 853, 856, 2009 WL 4823013, 2 (5th Cir. 2009), which found a plaintiff's age discrimination claim barred by Eleventh Amendment immunity); see Miss. Code Ann. § 11-46-5(4) (stating, "Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts....")).  As Smith was commenced in federal court, not removed from state court, there was no waiver of the Eleventh Amendment immunity from suit, as there has been here.

Plaintiff submits that by its enactment of Mississippi Code Annotated § 25-9-149, the state of Mississippi has waived any immunity for ADEA claims by state employees covered by that statute.  Section 25-9-149 states, in pertinent part, as follows:

> It is the intent of the legislature that no person ... employed in state service, as defined in section 25-9-107, Mississippi Code of 1972, shall be discriminated against on the basis of race, color, religion, sex, national origin, age or handicap.

As defendant notes, this statute is part of the chapter that establishes the system of personnel administration for state employees, see Miss. Code Ann. § 25-9-101, et seq., enforcement of which is governed by § 25-9-127 and includes an administrative review/appeal requirement.

In Hester v. Indiana State Department of Health, supra, the court held that despite the defendant's removal of an ADEA complaint to federal court, which constituted a waiver of immunity from suit in federal court for ADEA violations, the state had not waived its immunity from liability under the ADEA.  2012 WL 3779218, at 5.  In so ruling, the court cited Montgomery v. Board of Transportation, 849 N.E.2d 1120 (Ind. 2006), which held that Indiana's enactment of the Indiana Age Discrimination Act did not constitute consent by Indiana to be sued under the ADEA.  Id. at 1126-28,  The court in Montgomery reasoned that

> the [Indiana Age Discrimination Act (IADA)], though prohibiting discrimination in employment in terms similar to the ADEA, does not authorize aggrieved

12

employees to bring private civil actions against their
employers.  Moreover, even if the IADA authorized
private civil actions against state agencies, it would
not constitute consent to suit by private individuals
under the ADEA.  Waiver of Eleventh Amendment sovereign
immunity by the states must be express, unequivocal and
voluntary.  Edelman v. Jordan, 415 U.S. 651, 673, 94 S.
Ct. 1347, 39 L. Ed. 2d 662 (1974).  It must be done "by
the most express language or by such overwhelming
implications from the text as [will] leave no room for
any other reasonable construction."  Id. (internal
quotations omitted).  The IADA contains no express and
unequivocal language by which Indiana consents to suits
for damages brought by aggrieved state employees under
the federal ADEA.

Id. at 1125.  See also Neinast v. Texas, 217 F.3d 275, 279 (5th

Cir. 2000) (waiver must be unequivocal).

    In this court's opinion, § 25-9-149 cannot reasonably be

construed as consent by the state of Mississippi to a suit for

damages under the ADEA.  Certainly, there is no clear and

unequivocal waiver.  Accordingly, the court concludes that

dismissal of plaintiff's claim under the ADEA is in order.[4]

    Punitive Damages

    Defendant has moved for dismissal of plaintiff's claim for

punitive damages on his claim for employment discrimination on the

basis that punitive damages may not be awarded against a

_____

    [4]    Although plaintiff purports to seek injunctive relief in
the form of reinstatement, which under the Ex Parte Young
exception would not be barred by Eleventh Amendment immunity if
brought against an appropriate state official in his official
capacity, plaintiff has sued only MDPS.  See Ex Parte Young, 209
U.S. 123, 155-60, 28 S. Ct. 441, 52 L. Ed. 714 (1908) (Eleventh
Amendment not a bar to suits against government officials in their
official capacities when those suits seek injunctive relief).

governmental entity.  See 42 U.S.C. § 1981 a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision)...."); see also Miss. Code Ann. § 11-46-15(2) (Mississippi Tort Claims Act provision barring punitive damages against governmental entity and its employees).  In response, plaintiff concedes that punitive damages are unavailable to him under 42 U.S.C. Section 1981a, but he contends that "Defendant's motion does not address whether there exists potential exposure to punitive damages as alleged for violations of Title VII."  However, the law in this respect is clear:

> [[T]he Civil Rights Act of 1991] allows plaintiffs asserting a Title VII claim to recover compensatory and punitive damages, *provided that recovery is unavailable under § 1981*.  See 42 U.S.C. § 1981a(a)(1).  The Act precludes plaintiffs from recovering punitive damages against governments, government agencies, and political subdivisions.  See 42 U.S.C. § 1981a(b)....

Oden, 246 F.3d at 465-466.  Plaintiff's claim for punitive damages will be dismissed.

Conclusion

Based on the foregoing, it is ordered that defendant's motion for partial dismissal is granted, and that plaintiff's claims under § 1981 and the ADEA, as well as his claim for punitive damages, are dismissed.

SO ORDERED this 6th day of August, 2013.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

14